[2 NYS3d 868]

GREAT SENECA FINANCIAL CORP., as Assignee of Maryland National Bank, Plaintiff, v TOSIN OGUNBOWALE, Defendant.

Civil Court of the City of New York, Richmond County, January 7, 2015

APPEARANCES OF COUNSEL

*Eltman, Eltman & Cooper, P.C.*, New York City, for plaintiff.

**OPINION OF THE COURT**

PHILIP S. STRANIERE, J.

Eltman, Eltman & Cooper, P.C. as incoming counsel for Palisades Acquisitions XVI, allegedly the assignee of plaintiff, Great Seneca Financial Corp., has submitted a request to change attorney to the clerk of the court. Plaintiff has previously obtained a judgment in this action in Civil Court, Richmond County. Actually, counsel has not submitted one, not two, but three original consent to change attorney forms, all dated the same date, September 3, 2014, and filed the same date, October 24, 2014, with the clerk of the court. All three are signed by the same people but notarized by three different people on August 28, 2014. Actually two of the three are dated August 28, 2014. On the third one, the notary date was changed by hand from August 28, 2014 to September 3, 2014. Apparently the notary on that form realized that the document should not be notarized before it was actually signed. Also on two of the three notarizations the name of the person signing on behalf of Palisades Acquisitions XVI is not circled in the acknowledgment. Are visions of "robo-signer" dancing in anyone else's head? Whether this is a violation of Executive Law § 135 or § 142-a is a question to be addressed by the Secretary of State as the office that regulates notaries in New York.

A review of the court file disclosed several discrepancies between the information currently in the file and that contained in the proposed change of attorney form over and above the problem with the notarizations.

In this action, the court has observed the following discrepancies: (1) defects in the chain of assignments and (2) defects in the consent to change attorney form. Incoming counsel has provided no paperwork in regard to the above, leaving the court to address these two issues based solely on the consent to change attorney form submitted and the documents in the court files.

A. Defects in Chain of Assignment

Because the missing documentation in regard to the chain of assignments would affect the standing of the new entity to pursue this claim, this would seem to be the more pressing issue. Particularly because plaintiff herein, Great Seneca

Financial Corp., along with four other entities, Centurion Capital Corp., Colonial Credit Corporation, Monarch Capital Corporation and Platinum Financial Service Corporation, were found by this court to have been using the courts of the State of New York as part of their debt collection business without either registering with the Department of State or the New York City Department of Consumer Affairs (*Centurion Capital Corp. v Guarino*, 35 Misc 3d 1219[A], 2012 NY Slip Op 50749[U] [2012]).

In fact, the statement in the complaint that Great Seneca "is a company authorized to do business in New York" is false. Great Seneca and its Maryland relatives never registered to do business in New York. They filed in excess of 70,000 cases in Civil Court while they were in existence. Plaintiff and its Maryland relatives all ceased doing business in March 2009 when they filed certificates of dissolution in that state. But, because no one ever challenged their authority to do so, these improperly entered judgments remain on the books.

The complaint alleges that the defendant had some sort of relationship with Maryland National Bank. There is no proof of the assignment of the original debt from Maryland National Bank to Great Seneca. Likewise, there is no proof of the assignment from Great Seneca to Palisades Acquisitions XVI, so how it became owner of the debt is a mystery. By the way, the court is not exactly sure for what "a/p/o" is an abbreviation. If it means "as purchaser of" then did Great Seneca purchase the bank rather than just the account?

Another problem is that on the consent to change attorney forms Palisades Acquisitions XVI is listed as the plaintiff/assignee, yet the "Limited Power of Attorney" submitted with the consent to change attorney permitting Eltman, Eltman & Cooper to sign a consent to change attorney is from Palisades Collection, LLC. The limited power of attorney is supposedly applicable for Palisades Collection, LLC and its subsidiaries. However, there is no listing of what entities comprise those subsidiaries. So how can it be determined if the limited power of attorney is applicable to Palisades Acquisitions XVI?

However, because this was a default judgment and no defendant has appeared to challenge the judgment, the court will not address the standing issue, but will preserve the right of any judgment debtor appearing in the future to raise that issue and challenge the validity of the underlying judgment.

A review of the complaint and the documents submitted to obtain the default judgment disclose that under the new

Uniform Rules for New York City Civil Court (22 NYCRR 208.14-a) governing consumer credit transactions, this litigation would have to be dismissed. (*See also CACH of Colorado, LLC v Lazarovwsky*, 46 Misc 3d 1201[A], 2014 NY Slip Op 51759[U] [2014]; *Matter of Pinpoint Tech. LLC*, 45 Misc 3d 1223[A], 2014 NY Slip Op 51695[U] [2014].)

Aside from the above problems with the assignment, there is no allegation as to whether the statute of limitations has run or even what state's limitation period is applicable. The affidavit of merit is from an officer of the plaintiff, which means from Great Seneca, yet it asserts he or she is familiar with the books and records of the plaintiff and those books and records establish the validity of the debt. Because the plaintiff is the third-party debt buyer of the account, it means that the affiant does not have any personal knowledge in regard to defendant's account, which makes it insufficient to obtain a default judgment. The affidavit was notarized in Maryland so a certificate of conformity was needed, yet none was attached (CPLR 2309).

The court should note that the documentation submitted to support entry of a default judgment would be insufficient to sustain either a judgment after a motion for summary judgment, an inquest or a trial on the merits. This was a major flaw in New York civil procedure, especially in regard to consumer credit legislation which the new rules have attempted to correct.

B. Defects in Consent to Change Attorney

The court will address the consent to change attorney issue because having the proper attorney listed in the court files directly affects how the court deals with applications submitted to the court by the parties, the effectiveness of notice and their due process rights.

CPLR 321 (b) sets out the procedure for the "[c]hange or withdrawal of attorney" as follows:

"1. Unless the party is a person specified in section 1201, an attorney of record may be changed by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party. Notice of such change of attorney shall be given to the attorneys for all parties in the action or, if a party appears without an attorney, to the party."

The court notes that none of the consents to change attorney in this case have been sent to the defendant. Ostensibly, there

was no need to give notice to the defendant because the defendant failed to either appear or answer as set forth in CPLR 320 and a default judgment was entered against the defendant. However, in order to insure that the defendant is aware that there is new counsel and because of the recurring instances of defendants not receiving proper notice of the original litigation and the entry of default judgments against them, due process requires incoming counsel to serve a notice of the change of attorney on the defendant.

Conclusion

The court will not address the issue of whether the current owner of the debt has standing as the plaintiff assignee to enforce this judgment. That will remain available as a defense to any defendant seeking to vacate a default judgment. As the named defendant has not sought relief, the court will not prevent the current owner of the debt from taking steps to enforce the judgment once all of the other defects are corrected.

In order to have the consent to change attorney accepted for filing, plaintiff's incoming counsel must do the following:

Send a notice to the defendant at the most current address obtainable by counsel or, if no new address is available, at the last known address as reflected in the court file setting forth the following information.

1. The name of the original creditor and the last four digits of the credit card number.

2. The name of the plaintiff, if different.

3. The name and address of the current owner of the debt.

4. The name and address of current counsel and information at which the debtor may contact counsel should the defendant want to resolve the matter.

5. A notice informing the defendant that should they want to find out the status of this case they are to contact the Clerk of the Court, Civil Court, Richmond County, 927 Castleton Avenue, Staten Island, New York 10310 or telephone 718-675-8455.

Counsel is to file a copy of this notice with proof of mailing with the Clerk of the Court within 90 days of the date of this decision.

Owing to the large number of defects found in consumer credit litigation and the unusually high percentage of default judgments this litigation generates, defendants responding to the above notice will be able to assert any defenses that would have existed at the time the litigation was initially commenced.

In addition, plaintiff will comply with the recently effective rule 208.14-a (22 NYCRR) for entry of a default judgment on or before May 1, 2015.

Plaintiff is to appear at the courthouse on May 5, 2015 at 9:30 a.m. in Part 56 to establish compliance with above matters.

The failure to comply with the above instructions will result in the clerk vacating the current default judgment and the court dismissing this action.